**The STATE OF TENNESSEE, on behalf of the Tennessee Department of Public Health, Plaintiff–Appellant,**

v.

**Joseph A. CALIFANO and Arthur P. Owens in their official capacities, Defendants–Appellees.**

**Nos. 78–1419, 78–1501.**

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 20, 1980.

Decided Oct. 8, 1980.

Brooks McLemore, Atty. Gen. of Tenn., William L. Leech, Atty. Gen. of Tenn., Frank J. Scanlon, Asst. Atty. Gen., Nashville, Tenn., for plaintiff–appellant.

Hal D. Hardin, Margaret M. Huff, U.S. Attys., Nashville, Tenn., John H. Cary, U. S. Atty., Chattanooga, Tenn., for defendants–appellees.

Before WEICK and MARTIN, Circuit Judges, and DUNCAN, District Judge.*

PER CURIAM.

The State of Tennessee, as a former provider of health care services under the Medicare Program, 42 U.S.C. §§ 1395, *et seq.*, is seeking review of separate decisions of the United States District Court for the Middle District of Tennessee and the Eastern District of Tennessee dismissing plaintiff's cases.

Appellant challenges the legality of the provisions of 20 C.F.R. §§ 405.415(d)(3) which allows the Secretary of Health, Education and Welfare, under certain circumstances, to recapture accelerated depreciation claimed by a Medicare provider in determining the provider's rate of reimbursement from Medicare services. Specifically, appellant seeks judicial review pursuant to 42 U.S.C. § 1395*oo*(f) under Title XVIII of the Social Security Act of the decisions of the Provider Reimbursement Review Board which held that the Middle Tennessee Chest Disease Hospital and the Tennessee Chest Disease Hospital, both owned and operated by the State of Tennessee, were not entitled to $47,000 to $43,000, respectively, in Medicare reimbursement received due to the use of an accelerated method of depreciation.

In their well–reasoned memoranda the District Courts both found that 20 C.F.R. § 405.415(d)(3) is a reasonable exercise of the discretion granted the Secretary in 42 U.S.C. § 1395x(u). The Secretary determined that the use of accelerated methods of depreciation was resulting in excessive payments or "windfalls" to certain providers. This determination was a reasonable measure and as such is authorized by the Act. Further, the First, Fifth, and Ninth Circuits have used similar reasoning to reach the conclusion that the regulation is authorized by statute and is constitutional. *Adams Nursing Home of Williamstown, Inc. v. Mathews*, 548 F.2d 1077 (1st Cir. 1977); *Springdale Convalescent Center v. Mathews*, 545 F.2d 943 (5th Cir. 1977); and *Hazelwood Chronic and Convalescent Hospital, Inc. v. Weinberger*, 543 F.2d 703 (9th Cir. 1976), *vacated and remanded on other grounds*, 430 U.S. 952, 97 S.Ct. 1595, 51 L.Ed.2d 801 (1977).

We believe these decisions adequately address the issues raised in this appeal and need not be repeated here. The decisions of the District Courts are affirmed.

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.